HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

ROBERT TAYLOR AND CHRISTINE, )
TAYLOR, husband and wife,      )
                               )   No. 2:13-cv-00395-RSM
    Plaintiffs,                )
                               )
                               )
                               )
MERCHANTS CREDIT CORPORATION, a)
Washington State Corporation,  )
and DAVID and SOFIA QUIGLEY,   )
husband and wife, and the mar- )
marital community composed     )   RESPONSE TO MOTION FOR SUM-
thereof; SCOTT WISWALL and JANE)   MARY JUDGMENT
DOE WISWALL, husband and wife, )
and the marital community com- )
composed thereof; ROBERT       )
FRIEDMAN and JANE DOE FRIEDMAN,)
husband and wife and the marit-)
al community composed thereof; )
and DOES 1-10, inclusive,      )
                               )
    Defendants.                )
_____)

    COME NOW the plaintiffs by and through their attorney, James Sturdevant, and respond to Defendants' Motion for Summary Judgment. Plaintiffs state as grounds therefore the following:

    1. The motion is labeled a motion for summary judgment, yet it alleges on pp 1 & 2 that the First Amended Complaint (Doc 7) fails to state a claim upon which relief can granted, which is a Fed. R. Civ. P. 12(b)(6) and not a Fed. R. Civ. P.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 1/5

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360)671-2990
E-MAIL: sturde@openaccess.org

56 motion.

2. The motion ignores the allegations for economic and monetary damages in paragraph 5 of the First Amended Complaint (Doc. 7). The plaintiffs' monetary and economic damages are further described in Declaration # 1 of Robert Taylor in Support of Response to Motion for Summary Judgment (Taylor Dec. #1). Because the First Amended Complaint alleges both monetary and economic damages, it states a claim under the Washington Consumer Protection Act (RCW 19.86, *et seq.*) and the Washington Collection Agency Act (RCW 19.16 *et seq.*) and for negligence.

3. The motion cites the case of *Mueller v. Miller* 82 Wn. App. 236, 917 P.2d 604 (1996). The case is inapposite because the issue in it was an entered judgment[1]. No judgment was entered in the underlying state court action in the instant case. There was a settlement agreement filed with the Court. But calling a "settlement agreement" a "judgment" does not make it one. In *Hines v. G. Reynolds Sims & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 59012 ( E.D. Mich. Apr. 25, 2013), Plaintiff brought an FDCPA claim based on a settlement agreement reached after a judgment was entered. The settlement agreement contained the following language:

---

1. A judgment is" The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suite therein litigated and submitted to is jurisdiction." Black's Law Dictionary 977 (Rev. 4th Ed. (1957).

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 2/5

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

> "Defendant [Hines] hereby forever releases the Plaintiff [A&A], their assigns, legal counsel, agents and successors from any and all further claims of whatever nature and all liability, known or unknown, foreseen and unforeseen, that could or may arise from this action or facts.

Defendant moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Court, after a discussion of Michigan State settlement law, found the quoted language ambiguous and refused to dismiss the case. In the instant case, the settlement agreement contains no such language. It settled the state court claim and any claim for attorney's fees allowable under state court contract law.

    4. The motion does not cite a single case which states that this lawsuit is a collateral attack on a judgment, a *Rooker-Feldman* argument. The case law is to the contrary. In *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 895 (S.D. Ohio 2003), the Court held that a voluntary payment of a debt by a debtor (a settlement) did not preclude FDCPA claims and damages therefrom including recovery of the paid debt. In *Hamid v. Stock & Grimes, LLP*, 876 F. Supp. 2d 500 (E.D. Pa. 2012), the state court settlement did not bar FDCPA claims based on litigation conduct and damages therefrom.

    5. An FDCPA plaintiff's pre-litigation attorney's fees incurred to defend the harassing state court action may be recovered in the subsequent FDCPA action against the debt

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 3/5

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

collection attorney. *Kapoor v. Rosenthal,* 269 F.Supp.2d 408, 413 (S.D.N.Y. 2003), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983); *Lowe v. Elite Recovery Solutions,* 2008 US Dist LEXIS 8353 (ED Cal 2008). *Venes v. Professional Service Bureau, Inc.,* 353 N.W.2d 671 (Minn. App. 1984), holds that fees incurred defending the collection case that itself constitutes the FDCPA violation are actual damages. In *Hauk v. LVNV Funding, LLC* 749 F.Supp.2d 358, 370 (D.Md., 2010), the court held that attorney's fees in a state court action could be recovered under the state law FDCPA equivalent. Attorney's fees incurred in defending a state court action are damages under the FDCPA. The instant settlement agreement made no mention of any FDCPA claim.

6. As stated in Taylor Dec. #1, Mr. Taylor did not learn of the defendants' actions until they sent him a copy of the default judgment that was entered on March 17, 2012. Under *Mangum v. Action Collection Serv., Inc.,* 575 F.3d 935, 939-941 (9th Cir. 2009) the 15 U.S.C. § 1692k(d), the statute of limitation begins when the debtor learns of the violation. In the instant case, the March 5, 2013 filing date is within the one year statute of limitations.

7. Since the plaintiffs filed their First Amended Com-

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT – 4/5

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

plaint before the FDCPA one-year statute of limitations of had expired, the First Amended Complaint states an FDCPA and a negligence action. Because Plaintiffs alleged monetary and economic damages, the First Amended Complaint states a Washington Consumer Protection Action (RCW 19.86 et seq.) and negligence action.

8. The motion should be denied.

DATED this 17th day of June 2013.

_____
James Sturdevant  WSBA #8016
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2013, I electronically filed the foregoing Response to Motion for Summary Judgment; Declaration #1 of Robert Taylor in Response to Motion for Summary Judgment; and Proposed Order Denying Defendants' Motion for Summary Judgment using the CM/ECF system which will send notification to all attorneys of record.

_____
James Sturdevant  WSBA #8016
Attorney for Plaintiffs

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 5/5

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org