Jeffrey I. Hasson
Attorney at Law
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741
Attorney for Merchants Defendants

Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| ROBERT AND CHRISTINE TAYLOR, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCHANTS CREDIT CORPORATION, et al.,<br><br>Defendants. | Case No.: 2:13-CV-00395-RSM<br><br>MERCHANTS DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Defendants Merchants Credit Corporation ("MCC"); David Quigley ("DQ") and Sofia Quigley ("SQ"), husband and wife, (DQ and SQ collectively "Quigley"); Scott Wiswall ("SW") and Jane Doe Wiswall ("JDW"), husband and wife, (SW and JDW collectively "Wiswall"); and Robert Friedman ("RF") and Jane Doe Friedman ("JDF"), husband and wife, (RF and JDF collectively "Friedman") (MCC, Quigley, Wiswall and Friedman collectively "Merchants Defendants") by and through their attorney, Jeffrey I. Hasson, reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment [ECF No. 28] and requests that Merchants Defendants' Motion for Summary Judgment be allowed because there is no issue of material fact

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 1
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

that Merchants Defendants are entitled to judgment as a matter of law.

Merchants Defendants move to strike Mr. Taylor's declaration as inadmissible evidence. *Hollander v. American Cyanamid Company, 172 F.3d 192 (2d Cir. 1999).*

Even if Mr. Taylor's declaration was admissible, under the *Rooker-Feldman* doctrine, federal district courts may not consider claims that are essentially appeals from state court judgments. *Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Doe v. Mann, 415 F.3d 1038, 1039 (9th Cir. 2005).* The doctrine applies only to "cases brought by state-court losers complaining of state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)*[1].

The two facts set forth in Plaintiff Robert Taylor's declaration are irrelevant to Merchants Defendants' Motion for Summary Judgment based on the *Rooker-Feldman* doctrine.

1) The date that Plaintiffs learned of the default judgment is irrelevant to the summary judgment claim because entry of the default judgment cannot violate the FDCPA under the *Rooker-Feldman* doctrine.

2) The alleged economic damages referenced in Mr. Taylor's declaration [ECF No. 29, p. 1-2, ¶ 2] were allegedly sustained as a result of the garnishment. [ECF No. 7, p. 3-4, ¶ 5][2]. Under the *Rooker-Feldman* doctrine, if the judgment was valid, these alleged economic damages as a result of the garnishment cannot create a claim for negligence.

As a result, the case against Merchants Defendants should be dismissed.

---

[1] Plaintiffs' attorney knew about the *Rooker-Feldman* doctrine but apparently chose to ignore it in prosecuting this action, and chose to argue falsely that no judgment exists to attempt to counteract the law. See ECF No. 28, p. 3, ¶ 4.

[2] Plaintiffs' attorney did not inform the Court about the joint stipulation in Plaintiffs' Complaint, an issue relating to Defendants' Motion for Sanctions. In this instance, and again by omission, either Plaintiffs or their attorney failed to inform the Court in Mr. Taylor's declaration that the purported damages were as a result of the garnishment. [ECF No. 7, p. 3-4, ¶ 5; p. 19, l. 21-24]. The conclusory declaration fails to state what specific action by Defendants caused Plaintiffs economic damages.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 2
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

POINTS AND AUTHORITIES

**1. Mr. Taylor's declaration.**

A court may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements. *Hollander v. American Cyanamid Company, 172 F.3d at 198.*

Mr. Taylor's statement about alleged economic damages in his declaration shows no foundation; shows no facts; shows no dates; and is nothing more than conclusions. As a result, the statement would not be admissible at trial.

Mr. Taylor's declaration should be stricken.

Even if Mr. Taylor's declaration is not stricken, Merchants Defendants are entitled to judgment as a matter of law.

**2. Background**

Plaintiffs does not offer any evidence contrary to the allegations in Merchants Defendants' Motion for Summary Judgment except conclusory allegations of economic damages [ECF No. 29, p. 1-2, ¶ 2], and the conclusory allegation that Plaintiffs did not learn of the default judgment until after the default judgment was entered. [ECF No. 29, p. 2, ¶ 3]. As a result, all of the facts in Merchants Defendants' Motion for Summary Judgment are accepted for purposes of Merchants Defendants' Motion except arguably the above.

The conclusory allegations do not save Plaintiffs' complaint against Merchants Defendants.

The default judgment was entered March 21, 2012. [ECF No. 7, p. 8, Exhibit "A].

The default judgment was not vacated, and is a final judgment. [ECF No. 24-1].

Therefore, the date that Plaintiffs learned of the default judgment is irrelevant to the summary judgment claim because entry of the default judgment cannot violate the FDCPA under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co., supra; Dist. of Columbia Court of Appeals v. Feldman, supra; Doe v. Mann, supra.*

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 3
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    The alleged economic damages referenced in Mr. Taylor's declaration [ECF No. 29, p. 1-
2    2, ¶ 2] were allegedly sustained as a result of the garnishment. [ECF No. 7, p. 3-4, ¶ 5; p. 19, l.
3    21-24]. If the judgment was valid, these economic damages as a result of the garnishment cannot
4    create a claim for negligence.

5    Further, since violation of the FDCPA is required for negligence under Plaintiffs'
6    allegations [ECF No. 7, p. 16, ¶ 75], and since there was no violation of the FDCPA, the
7    purported economic damages are irrelevant to the summary judgment claims.

**3. Arguments**

    **a. Reply as to FDCPA Statute of Limitation.**

An action under the FDCPA must be commenced within one year from the date on which the violation occurs. *15 USC § 1692k (d).*

The judgment and the garnishment are valid based on the stipulation. See C*RLJ 55 (c)* and *CRLJ 60 (b).*

Under the *Rooker-Feldman* doctrine, federal district courts may not consider claims that are essentially appeals from state court judgments. *Rooker v. Fidelity Trust Co., supra; Dist. of Columbia Court of Appeals v. Feldman, supra; Doe v. Mann, supra*. The doctrine applies only to "cases brought by state-court losers complaining of state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 284.*

*Rooker-Feldman* also applies where the parties do not directly contest the merits of the state court decision, but are rather attempting a de facto appeal from that judgment. *Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).* "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Id.*

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 4
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

In *Fleming v. Gordon & Wong Law Group, P.C., 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010),* the Defendant moved to dismiss Ms. Fleming's FDCPA claims as barred by the *Rooker-Feldman* doctrine. Ms. Fleming's claims were based upon her allegations that she did not owe the entire amount the defendants sought to collect. *Id. at 1223.* Ms. Fleming argued she was not challenging the debt itself, but the interest on the judgment, and was not complaining of an injury caused by the court, but by the Defendant. *Id.* She was seeking actual and statutory damages under the FDCPA independent of the debt recognized by the court. *Id.* Nevertheless, the district court determined her claim was barred because it could not adjudicate her FDCPA claim without evaluating the validity of the debt recognized by the court. *Id.;* see also *Greenburg v. Hunt & Henriques, 2011 WL 4639833, at *3 (C.D. Cal., Oct. 6, 2011)* (holding Plaintiff's claim barred by *Rooker-Feldman* where Plaintiff's FDCPA claim essentially asked the district court to review state court's decision to allow creditor to collect the debt, where the Plaintiff alleged the debt was not based upon any written contract).

In *Cannon v. Spokane Merchants Ass'n, 2011 WL 3754697, at *3-4 (Aug. 25, 2011),* the Eastern District of Washington held it had no jurisdiction to hear a Plaintiff's FDCPA claims under *Rooker-Feldman*. That Court found: (1) the Plaintiff was a state-court loser by virtue of a court approved settlement agreement; (2) the Plaintiff's only injuries were the payment of the debt owed and any effort or expense incurred in defending against the creditor's claims; and (3) the Plaintiff's FDCPA claims could not be considered independently of the claims settled in the state court action.

Here also, Plaintiffs are state-court losers. Plaintiffs stipulated that the judgment not be set aside. Plaintiffs' only injury is the judgment ordering them to pay the debt and the costs of defending themselves against MCC's claims.

Under *Rooker-Feldman,* the act of entry of the default judgment could not have violated the FDCPA such that the knowledge of that entry is irrelevant to extending the statute of limitations.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 5
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1         There is no alleged conduct by any of the Merchants Defendants after February 22, 2012

2 that could possibly violate the FDCPA except as related to entry and enforcement of the valid

3 judgment[3] to which *Rooker-Feldman* applies.  See [ECF No. 7, p. 7-9, ¶¶ 15-21].

4         The communications with Mr. Taylor were alleged to be in late 2011.  [ECF No. 7, p. 5-

5 7, ¶¶ 10, 13][4].  The telephone call with Mr. Friedman's office was alleged to be February 22,

6 2012.  [ECF No. 7, p. 7-8, ¶ 16][5].  None of these communications come within the one year

7 FDCPA statute of limitation.

8         In fact, there is no conduct by any of the individually named Defendants that could

9 violate the FDCPA.  These individual Defendants had to defend this frivolous case against them

10 in which Plaintiffs should have known there was no basis in liability.

11         The statute of limitation for an FDCPA claim expired as to all claims against Merchants

12 Defendants.

13         For some reason, in response to Merchants Defendants' Motion for Summary Judgment,

14 plaintiffs argue falsely that "No judgment was entered in the underlying state court action in the

15 instant case." [ECF No. 28, p. 2, ¶ 3, l. 16-17].

16         To the contrary, a default judgment was entered by MCC against Plaintiffs, and Plaintiffs

17 plead this default judgment [ECF No. 7, p. 8, ¶¶ 17-18], and attach a copy of the default

18 judgment to Plaintiffs' complaint.

19         Plaintiffs' attorney seems to argue that the default judgment is a settlement. [ECF No.

20 28, p. 2, ¶ 3].  Clearly, this argument is misguided as a default judgment is a final judgment.

---

[3] Plaintiffs' complaint summarizes the claims as to this as 4) making false statements under oath in court documents; 5) suing Mr. Taylor for his wife's separate debt after he had brought the pre-nuptial status of the debt to Defendants' attention; 6) garnishing his paycheck to collect his wife's separate debt; and 7) suing his wife separately on a debt that was not her separate debt.  ECF No. 7, p. 2, ¶ 2.

[4] Plaintiffs' complaint summarizes the claims as to this as 1) calling the Plaintiffs even after Mr. Taylor disputed the debt; 2) engaging in false, abusive and misleading statements; and 8) discussing Mrs. Taylor's separate debt with Mr. Taylor without her permission.  ECF No. 7, p. 2, ¶ 2.

[5] Plaintiffs' complaint summarizes the claim as to this as 3) violation of the Washington State Rules of Professional Responsibility by giving him legal advice.  ECF No. 7, p. 2, ¶ 2.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 6
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1     If Plaintiffs are arguing that the joint stipulation is the settlement agreement for purposes
2  of recovering attorney fees incurred in the garnishment proceeding, and incurred in moving to
3  vacate the judgment, Plaintiffs overlook that there can be no violation for entry of a default
4  judgment, or the garnishment since the judgment and the garnishment are valid, and because the
5  parties agreed "***Neither Plaintiff nor Defendants shall be awarded court costs or attorney's
6  fees." [*ECF No. 24-1].

The cases cited by Plaintiffs are inapposite to the issues in this case as they are not based on the entry of a judgment, let alone the entry of a valid default judgment.

The FDCPA claim was not commenced within the statute of limitation and must be dismissed.

**b.  Reply as to WCPA.**

There is no evidence that Merchants Defendants violated *RCW 19.16.250 (16)*.  See ECF No. 7, p. 18-19, ¶ 88].

*RCW 19.16.250 (16)* states

> No licensee or employee of a licensee shall:
> (16) Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made.

Under *Rooker-Feldman,* the act of entry of the default judgment could not have violated *RCW 19.16.250 (16),* and the judgment is final such that the action taken against the Plaintiffs by MCC could legally be taken.  None of the Merchants Defendants conduct violated the WCPA as a matter of law.

As to the purported economic damages referenced in Mr. Taylor's declaration [ECF No. 29, p. 1-2, ¶ 2], these were allegedly sustained as a result of the garnishment.  [ECF No. 7, p. 3-4, ¶ 5; p. 19, l. 21-24.].  If the judgment was valid, under *Rooker-Feldman,* these economic damages are not actionable damages since the garnishment on the valid judgment are not damages.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 7
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  The only damages alleged by Taylors are for emotional distress [ECF No. 7, p. 3, ¶ 4],
2  the garnishment [ECF No. 7, p. 3, ¶ 5], and the attorney fees related to the Court proceedings
3  [ECF No. 7, p. 3, ¶ 5]. See also ECF No. 7, p. 19, l. 21-24.

As a result, there was no basis for filing a claim against Merchants Defendants under the WCPA.

### c. Reply as to Negligence.

The basis for negligence is violation of the FDCPA or WCPA[6]. [ECF No. 7, p. 16 ¶ 75].

As has been shown, Plaintiffs cannot prove a violation of the FDCPA or WCPA.

As to the purported economic damages referenced in Mr. Taylor's declaration [ECF No. 29, p. 1-2, ¶ 2], these were allegedly sustained as a result of the garnishment. [ECF No. 7, p. 3-4, ¶5]. If the judgment was valid, under *Rooker-Feldman* these are not actionable damages for negligence since the garnishment on the valid judgment are not damages.

As a result, there was no basis for filing a claim against Merchants Defendants for Negligence.

### 4. Conclusion

This court should allow Defendants Motion for Summary Judgment and Dismiss Plaintiffs' First Amended Complaint against the Merchants Defendants.

Dated: June 21, 2013.

> s/ Jeffrey I. Hasson
> Jeffrey I. Hasson, WSBA#23741
> Davenport & Hasson, LLP
> Phone: (503) 255-5352
> Attorney for Merchants Defendants

---

[6] Plaintiffs incorrectly used "WCAA" rather than "WCPA" in their complaint as the violation alleged in the complaint is as to the WCPA as to *RCW 19.16.250 (16)*. See ECF No. 7, p. 16, ¶ 75.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT -- Page 8
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

| | |
|---|---|
| 1 | Certificate of Service |
| 2 | I hereby certify that on June 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: James A. Sturdevant and I hereby certify on that I mailed by United States Postal Service the document to the following: |
| 3 | |
| 4 | |
| 5 | s/ Jeffrey I. Hasson |
| | Jeffrey I. Hasson, WSBA#23741 |
| 6 | Attorney for Merchants Defendants |
| | Davenport & Hasson, LLP |
| 7 | 12707 NE Halsey St. |
| | Portland, OR 97230 |
| 8 | Phone: (503) 255-5352 |
| | Facsimile: (503) 255-6124 |
| 9 | E-Mail: hasson@dhlaw.biz |

CERTIFICATE OF SERVICE -- Page 1
Case No.: 2:13-CV-00395-RSM

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124