1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ROBERT TAYLOR and CHRISTINE TAYLOR,

10

Plaintiffs,

11

v.

12

13 MERCHANTS CREDIT CORPORATION, a
Washington State corporation;  DAVID and
14 SOFIA QUIGLEY, husband and wife, and the
marital community composed thereof; SCOTT
15 WISWALL and JANE DOE WISWALL,
husband and wife, and the marital community
16 composed thereof; ROBERT FRIEDMAN and
JANE DOE FRIEDMAN, husband and wife, and
17 the marital community composed thereof; and
DOES 1 - 10, inclusive.

18

Defendants.

19

CASE NO.  C13-395RSM

ORDER ON MOTION FOR
SANCTIONS AND MOTION FOR
SUMMARY JUDGMENT

20
21        This matter is before the Court for consideration of a motion for sanctions filed by defendants
22 pursuant to Fed.R.Civ.P. 11(c), together with a motion for summary judgment.  Dkt. ## 20, 23.
23 Defendants ask for sanctions against plaintiffs' attorney for filing a frivolous lawsuit under the Fair Debt
24 Collection Practices Act, 15 U.S.C. § 1692 *et. seq*.  ("FDCPA"), Washington Consumer Protection Act,
25 RCW 19.86 ("CPA"), and general negligence.  The lawsuit is frivolous, defendants assert, because it
26 was filed outside the FDCPA's one-year statute of limitations, and there is no factual basis for the other
27 claims.  The sanctions requested are defendants' attorneys' fees for defending against a baseless lawsuit.

28

ORDER - 1

1    The motion for sanctions was filed on May 16, 2013, and noted for consideration on May 31,
2    2013, the third Friday after filing.  Local Rule LCR 7(d)(3).  On May 29, 2013, before the motion was
3    ready for consideration, defendants filed a motion for summary judgment on all claims.  Dkt. # 23.
4    That motion was noted on the Court's calendar for June 21, 2013, the fourth Friday after filing.  Local
5    Rule LCR 7(d)(3).   Taking the motions in the order in which they were filed, the Court addressed the
6    motion for sanctions first.  The motion was denied for defendants' failure to demonstrate, within the
7    motion itself,  compliance with the "safe harbor " provision of Rule 11.  Dkt. # 32.  The denial was
8    without prejudice to renewal upon a proper showing of compliance with the safe harbor provision.  *Id*.
9
10   Defendants moved for reconsideration, pointing to the Certificate of Service that was attached to
11   the motion for sanctions (but not mentioned therein).  Dkt. # 33.   The Certificate of Service states that
12   "I hereby certify that on May 16, 2013, I electronically filed the foregoing with the Clerk of the Court
13   using the CM/ECF System which will send notification of such filing to the following:  and I hereby
14   certify on April 24, 2013 that I mailed by United States Postal Service the document to the following:
15   James A Sturdevant [plaintiff's counsel]."  Dkt. # 20, p. 9.  The Court does not routinely read through
16   each  Certificate of Service attached to motions and other filings, unless it is mentioned in the motion or
17   document.   The Court therefore declined to reconsider the prior ruling, but deemed the motion itself  as
18   a renewed motion for sanctions, and noted it on the Court's calendar for consideration on July 12, 2013.
19   Dkt. # 34.  As both the motion for sanctions and the motion for summary judgment are now fully briefed
20   and ready for consideration, the Court will address them separately.

21   I. Motion for Sanctions

22   The renewed motion for sanctions was noted by the Court for July 12, 2013.  Plaintiffs' response
23   was due July 8, 2013, but no response was timely filed.  Instead, plaintiffs filed a one-paragraph late
24   response on July 12, 2013, stating that they "simply incorporate their prior response (Docket No. 21)."
25   Plaintiffs' Response, Dkt. # 36.  They further stated that the motion for sanctions "should be considered
26   in conjunction with Plaintiffs' Motion for Summary Judgment (Docket No. 23) and Plaintiffs' response
27   thereto (Docket Nos. 28, 29)."  *Id*.   The referenced summary judgment motion is defendants' motion,
28   not plaintiffs', so it cannot be considered as providing opposition to defendants' motion for sanctions.

ORDER - 2

1   Nor will the Court consider plaintiffs' opposition to the summary judgment motion as opposition to the

2   motion for sanctions, as the issues and arguments are different.  The Court need not even consider

3   plaintiffs' opposition to the original motion for sanctions (Docket No. 21), because the "incorporation"

4   of that opposition was untimely.  Nevertheless, the Court will review it.

5        In their original opposition to the motion for sanctions, plaintiffs offered the following argument,

6   here set forth in its entirety:

7      1.  The motion is a dispositive motion.  It reminds this attorney of an Abe Lincoln story.
A boy was asked how many legs a dog would have if the dog's tail was a leg.  The boy

8      replied "Five."  Lincoln replied that he was incorrect because a dog only has four legs and calling a "tail" a "leg" does not make it a leg.

9

10      2.  Defendants have filed a dispositive motion under the rubric of "Motion for Sanctions."
It asks this Court to make findings that the Complaint does not state a claim upon which

11      relief can be granted under Fed.R.Civ.P. 12(b)(6) or asks for judgment on the pleadings under Fed.R.Civ.P. 12(c).  It also asks for a summary judgment under Fed.R.Civ.P. 56

12      without supplying admissible evidence under Fed.R.Civ.P. 56(e).  Based upon a finding of one or all of these three, it then requests that Fed.R.Civ.P. 11 terms be imposed.

13      Defendants have introduced no admissible evidence in support of the allegations in lines 4 to 26 on page 3 and Line 1 on page four, which are the factual basis of their argument.

14      3.  LCR 7(d)(3) requires that a dispositive motion be noted on the fourth Friday after filing.
Defendants' motion violate [sic] the rules because it was only noted for the third Friday after

15      filing.

16      4.  Fed.R.Civ.P. 7(b)(1)(B) requires that the basis for a motion must be stated with
particularity, both as to the facts and the law.  Defendants have not introduced any evidence

17      in support of its motion and only relies on inadmissible hearsay statements.  Headnotes six and seven of *Plant Oil Powered Diesel Fuel Sys. v. Exxon Mobil Corp.*, U.S. Dist. LEXIS

18      47272 (D.N.M. Mar. 22, 2012) discuss introducing new information and issues in a reply.
Plaintiff objects to any declaration or further factual information that Defendants may seek to

19      introduce with its reply.

20      5.  Defendants, in essence, argue that claims arising under the Fair Debt Collection Practices
Act are compulsory counterclaims in a state court action.  They are not.  *See, Whitaker v.*

21      *Ameritech Corp.*, 129 F.3d 952 (7th Cir. 1997), *Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir. 1981).

22

23      6.  As a result, the motion should be denied.  Defendants only should be able to bring a
Fed.R.Civ.P. 11 motion after they have prevailed on a dispositive motion supported by

24      admissible evidence.

25   Response to Defendants' Motion for Sanctions, Dkt. # 21, pp. 1-3.

26         This response fails to provide any basis whatsoever for denial of the motion for sanctions.  The

   motion asserts that the plaintiffs' counsel should be sanctioned for filing a frivolous lawsuit, because (1)

27

28   he knew, or should have known, that the statute of limitations had expired on plaintiffs' FDCPA claim,

ORDER - 3

1    (2) he knew, or should have known, that plaintiffs have no actual damages cognizable under the

2    Washington Consumer Protection Act (CPA), and (3) he knew, or should have known, there was no

3    factual basis for a negligence claim.  Motion for Sanctions, Dkt. # 20, pp 1 - 2.  Plaintiffs have failed to

4    assert any facts or argument in opposition to these assertions, particularly the expiration of the statute of

5    limitations on the FDCPA claim.  The argument which plaintiffs do offer, namely that the motion for

6    sanctions should have been noted for the fourth Friday after filing rather than the third, was soundly

7    rejected by the Court in the earlier order on Motion for Sanctions.  Dkt. # 32.  Further, in arguing that

8    the motion for sanctions is actually a dispositive motion, plaintiffs have mischaracterized the motion.

9    Defendants have not asked in this motion for dismissal of plaintiffs' FDCPA and CPA claims, but rather

10   for monetary sanctions against counsel, in the form of defendants' reasonable attorneys' fees, for filing

11   frivolous claims.  *See*, Proposed Order on Motion for Sanctions, Dkt. # 20-1.

12        Rule 11 provides, in relevant part,

13        ***Nature of a Sanction***.  A sanction imposed under this rule must be limited to what suffices
          to deter repetition of the conduct or comparable conduct by others similarly situated.  The
14        sanction may include nonmonetary directives; an order to pay a penalty into court; or, if
          imposed on motion and warranted for effective deterrence, an order directing payment to
15        the movant of part or all of the reasonable attorney's fees and other expenses directly resulting
          from the violation.

16        . . . .

17        ***Requirements for an Order***.  An order imposing a sanction must describe the sanctioned
18        conduct and explain the basis for the sanction.

19   Fed.R.Civ.P. 11(c)(4).

20        As plaintiffs have failed to advance any meaningful or persuasive basis for denial of the motion

21   for sanctions, it shall be GRANTED.  The Court finds that counsel is subject to a sanction for filing a

22   claim under the FDCPA when the statute of limitations on that claim had expired.  The claim is

23   frivolous.  Counsel was properly given an opportunity to withdraw the claim (and avoid sanctions)

24   under the safe harbor provision of Rule 11, but declined to do so.  Such sanction must be limited to an

25   amount sufficient to deter repetition of the conduct.  Therefore the Court shall direct payment by

26   counsel of part, but not all, of defendants' attorney's fees.  The Court finds that a sanction in the amount

27   of **$300.00** is sufficient to deter repetition of the conduct.   Counsel shall submit this amount to

28   defendants within two weeks of the date of this Order.

ORDER - 4

II.  <u>Motion for Summary Judgment</u>

Summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(a). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The evidence is viewed in the light most favorable to the non-moving party. *Id*.  However, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir. 1995).  It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F. 3d at 1221.

Plaintiffs filed this action on March 5, 2013, asserting causes of action under the FDCPA and general negligence.  Dkt. # 1.  They filed an amended complaint a month later, adding a cause of action under the Washington CPA, RCW 19.86. Dkt. # 7.  The claims arise from the alleged actions of defendant Merchants Credit Corporation ("MCC"), a collection agency, and its named employees. Defendant has moved for summary judgment as to all claims.

I.  <u>FDCPA Claim</u>

The FDCPA was enacted to

> eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).  Under the FDCPA, a debt collector "may not use any false, deceptive, or misleading misrepresentation or means in connection of the collection of any debt." 15 U.S.C. § 1692e. Certain practices are specifically prohibited.  Section 1692e(5) provides that it is unlawful for a debt collector to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).  Section 1692e(2)(A)  provides that it is unlawful for a debt collector to

ORDER - 5

make false representations of "the character, amount or legal status of any debt."  15 U.S.C. §

1692e(2)(A).  Section 1692f provides that "[a] debt collector may not use unfair or unconscionable

means to collect or attempt to collect a debt.  15 U.S.C. § 1692f.

The statute provides a right of action in federal court for violations, subject to a one-year statute

of limitations: "[a]n action to enforce any liability created by this subchapter may be brought . . . within

one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  When the alleged

violation is the filing of a complaint, the statute begins to run on the day the complaint is filed.  *Naas v.*

*Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (filing date was the debt collector's "last opportunity to

comply with the Act"). *Id.*

Plaintiffs' complaint alleges that they incurred debts to PeaceHealth for medical services, and

that the debts were assigned to defendant MCC for collection.  Amended Complaint, Dkt. # 7, ¶¶8 - 12.

They assert in general that defendants

> engaged in unlawful and abusive acts directed towards Plaintiffs, including 1) calling the
> plaintiffs even after Mr. Taylor disputed the debt, 2) engaging in false, abusive and misleading
> statements; 3) violation of the Washington State Rules of Professional Responsibility by giving
> him legal advice; 4) making false statements under oath in court documents; 5) suing Mr. Taylor
> for his wife's separate debt after he had brought the pre-nuptial status of the debt to Defendants'
> attention;  6) garnishing his paycheck to collect his wife's separate debt; 7) suing his wife
> separately on a debt that was not her separate debt; and 8) discussing Mrs. Taylor's separate debt
> with Mr. Taylor without her permission.

Amended Complaint, Dkt. # 7, ¶ 2.  They contend that defendants' actions caused them emotional

distress and financial hardship.  *Id.*, ¶¶ 4 - 5.

Defendants have moved for summary judgment on plaintiffs' FDCPA claims on the basis that

they are barred by the one-year statute of limitations.  This action was filed March 5, 2013, so only

alleged violations that occurred within the previous year are actionable.  It is undisputed that MCC filed

suit in state court to collect the debts in January 2012, and served plaintiffs with the complaint and

summons on February 2, 2012.  Amended Complaint, Dkt. # 7, ¶¶ 15-16.  These actions are thus outside

the statute of limitations and cannot provide a basis for an FDCPA claim.

Plaintiffs seek to avoid this time bar by asserting that "Mr. Taylor did not learn of the

defendants' actions until they sent him a copy of the default judgment that was entered on March 17,

2012."  Plaintiffs' Response to Motion for Summary Judgment, Dkt. # 28, p. 4.  They argue for

ORDER - 6

application of a discovery rule articulated by the Ninth Circuit Court of Appeals, asserting that "the statute of limitation begins when the debtor learns of the violation." *Id.*, citing *Mangum v. Action Collections Services, Inc.*, 575 F.3d 935, 939-41 (9th Cir.2009).   Plaintiffs have misconstrued the reach of the rule.  The court in *Mangum* stated,

> We have made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation, that is, "[f]ederal law determines when the limitations period begins to run, and the general federal rule is that 'a limitations period begins to run when the plaintiff **knows or has reason to know of the injury** which is the basis of the action.'"

*Mangum*, 575 F.3d at 940, quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab*, 135 F.3d 1260, 1266 (9th Cir. 1998) (quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983) (emphasis added).  Plaintiffs admit they were served with the collection lawsuit on February 2, 2012, so they knew of the alleged injury at that time.   They failed to appear in the state court action[1] and default was entered by the court.  Entry of default was a court action, not an act of defendants.  The service of the lawsuit on February 2, 2012 gave plaintiffs "reason to know" of the consequences which could follow should they fail to respond to the lawsuit.  They may not use their failure to enter an appearance in court as a lever to trigger a new limitations period.[2]

As plaintiffs have failed to point to any facts which would demonstrate that their FDCPA claims were filed within the one-year statute of limitations, defendants are entitled to summary judgment on these claims.

## II.  Washington CPA Claim

The CPA's citizen suit provision states that "[a]ny person who is injured in his or her business or property" by a violation of the act may bring a civil suit for injunctive relief, damages, attorney fees and costs, and treble damages. RCW 19.86.090.  To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) which affects the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables,*

---

[1] Plaintiffs' assertion that they "appeared" in the state court action by calling MCC's counsel on February 22, 2012, is wrong.   Amended Complaint, Dkt. # 7, ¶ 16.  No Notice of Appearance was filed in the court.

[2] Plaintiffs admit that they were advised during the February 22 telephone call of the need to file a response in court.  Amended Complaint, Dkt. # 7, ¶ 16.  They contend that this was legal advice given in violation of 15 U.S.C. § 1692e(3).  *Id.*

ORDER - 7

*Inc., v. Safeco Title Insurance Co.*, 105 Wash. 2d 778, 784 (1986).

Plaintiffs allege in the amended complaint that defendants violated RCW 19.16.250(16), which actions are by statute "declared to be unfair acts or practices . . . in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86." RCW 19.16.440.  RCW 19.16.250(16) prohibits threats "to take any action against the debtor which the licensee cannot legally take at the time the threat is made."  RCW 19.16.250(16).  This section does not apply to create a cause of action under the CPA for plaintiffs, because MCC was legally entitled to institute legal proceedings against plaintiffs at the time it did so.

Beyond the invocation of RCW 19.16.250(16), plaintiffs have made only vague and conclusory allegations with respect to their CPA claim, without specific facts to support such claim.  Amended Complaint, Dkt. # 7, ¶ 89.  In particular, as defendants argue, they have not alleged any facts with respect to economic loss.  The allegation of injury from the garnishment of Mr. Taylor's wages fails to meet the injury prong of the *Hangman Ridge* test because the garnishment was a result of the state court judgment.  It does not constitute actionable damages.

A party opposing summary judgment may not rely on conclusory allegations but must point to specific facts which would create an issue for trial.  As plaintiffs have failed to point to any facts which meet the *Hangman Ridge* test and support a CPA claim, defendants are entitled to summary judgment

III.  <u>Negligence</u>

Plaintiffs' claims of negligence and negligent supervision and training are dependant upon their FDCPA claim.[3]  As their FDCPA claims are barred by the statute of limitations, they may not evade that bar by re-casting their claim as one for negligence or negligent supervision.   They have not alleged any facts independent of the FDCPA and CPA allegations which would support a claim of negligence.  Indeed, in opposing the summary judgment motion, they simply assert (twice) that "[b]ecause the First Amended Complaint alleges both monetary and economic damages, it states a claim under the

---

[3] Plaintiffs also invoke the Washington Collection Agency Act  ("WCAA") as a basis for their negligence claim but this Washington statute was not anywhere asserted as a separate cause of action. Further, as set forth above, the Court has determined that no violation of RCW 19.16.250(16) occurred.

ORDER - 8

1  Washington Consumer Protection Act (RCW 19.86, et seq.) and the Washington Collection Agency Act

2  (RCW 19.16 et seq.) and for negligence."  Response to Motion for Summary Judgment, Dkt. # 28, p. 2

3  (see also p. 5).   Plaintiffs have thus cited the standard for motions to dismiss for failure to state a claim,

4  rather than the standard for summary judgment.

5        A party resisting summary judgment cannot defeat the motion by resting upon the allegations or

6  denials of its own pleading.  Instead, the "non-moving party must set forth, by affidavit or as otherwise

7  provided in Rule 56, specific facts showing that there is a genuine issue for trial.' " *Soremekun v. Thrifty*

8  *Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

9  250 (1986).  In opposing summary judgment on the negligence claims, plaintiffs have simply pointed to

10  the allegations in their amended complaint.  They have therefore failed to present any specific facts

11  showing there is a genuine issue for trial.  Defendants' motion for summary judgment on the negligence

12  claims shall accordingly be granted.

CONCLUSION

13

14        (1) Defendants' motion for sanctions under rule 11 (Dkt. # 20) is GRANTED, and counsel is

15  hereby sanctioned in the amount of $300, representing an amount sufficient to deter repetition of the

16  conduct identified here.   Counssel shall submit payment to defendants within two weeks of the date of

17  this Order.

18        (2) Defendants' motion for summary judgment (Dkt. # 23) is GRANTED as to all claims.  The

19  complaint and action are DISMISSED.  The Clerk shall enter judgment in favor of defendants and shall

20  close the file.

21        DATED this 30 day of August 2013.

22

23

24                    RICARDO S. MARTINEZ
                      UNITED STATES DISTRICT JUDGE
25

26

27

28

ORDER - 9